IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JACQUELINE MARSHALL                                              PLAINTIFF

V.                                          CAUSE NO. 3:15-CV-00941-CWR-FKB

M-TEK, INC.                                                      DEFENDANT

**ORDER**

Before the Court is the defendant's motion for summary judgment. Docket No. 15. The motion has been fully briefed and is ready for adjudication.

I.     **Factual and Procedural History**

Jacqueline Marshall was an employee of M-Tek, Inc. for approximately 10 years before she was fired on February 21, 2013. She was discharged after discovering that a male coworker was being paid substantially more for the same work. In this suit, Marshall alleges that M-Tek discriminated and retaliated against her on the basis of sex, in violation of Title VII and the Equal Pay Act.

Before bringing this action, she filed two charges with the Equal Employment Opportunity Commission. In the first charge, Marshall complained that she had been discriminated against because of her sex and suspended in retaliation for complaining about her unequal pay. Docket No. 15-2 at Exhibit 2. Her second charge of discrimination also was based on retaliation—this time when she was discharged from her employment. *Id.* at Exhibit 3. In letters dated April 30, 2014, the EEOC dismissed the charges and issued notices of her right to sue. Docket No. 15-3. The disputed facts regarding when Marshall received those letters will be discussed below. Marshall did not file this suit until December 29, 2015.

## II.  Legal Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party seeking to avoid summary judgment must identify admissible evidence in the record showing a fact dispute. *Id.* at 56(c)(1).  "Once a summary judgment motion is made and properly supported, the nonmovant must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial.  Neither conclusory allegations nor unsubstantiated assertions will satisfy the nonmovant's burden." *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (quotation marks and citations omitted).

The Court views the evidence and draws reasonable inferences in the light most favorable to the nonmovant.  *Maddox v. Townsend & Sons, Inc.*, 639 F.3d 214, 216 (5th Cir. 2011).  But the Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."  *McCallum Highlands, Ltd. v. Wash. Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir.), *as revised on denial of reh'g*, 70 F.3d 26 (5th Cir. 1995).

## III.  Discussion

M-Tek asserts that it is entitled to summary judgment because Marshall's Title VII and EPA claims are time-barred.  Docket No. 16.

### A.  Title VII Claims

> Under Title VII, . . . a plaintiff must exhaust administrative remedies before pursuing employment discrimination claims in federal court. For Title VII . . . claims, exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue.  A plaintiff must file her civil suit within ninety days of *receipt* of a right-to-sue-letter.
>
> The requirement that a party file a lawsuit within this ninety-day limitations period under Title VII . . . is strictly construed.  Commencement of the ninety-day period begins to run on the day that notice is received at the address supplied to the EEOC by the claimant . . . .  This court routinely dismisses untimely claims involving

delays after receipt of the right-to-sue letter in the absence of a recognized equitable consideration.

*Garcia v. Penske Logistics, L.L.C.*, 631 F. App'x 204, 207-08 (5th Cir. 2015) (quotation marks, citations, and brackets omitted) (emphasis in original); *see Stokes v. Dolgencorp, Inc.*, 367 F. App'x 545, 547 (5th Cir. 2010).

The EEOC mailed Marshall's right-to-sue letters to the address she provided when she filed charges with that body: 247 Massey Circle, Carthage, MS, 39051. Docket Nos. 15-2 and 15-3. Marshall, however, claims that she did not actually receive the notices because she no longer resided at that address. Docket No. 20.

When the date of receipt is unknown or disputed, the Fifth Circuit presumes that a plaintiff received the notice three to seven days after it was mailed. *Stokes*, 367 F. App'x at 547-48 (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002), *cert. denied*, 537 U.S. 1200 (2003)); *see also Mack v. John L. Wortham & Son*, 541 F. App'x 348, 357 (5th Cir. 2013).[1] Additionally, "[p]roof that a letter properly directed was placed in a U.S. post office mail receptacle creates a presumption that it reached its destination in the usual time and was actually received by the person to whom it was addressed." *U.S. v. Ekong*, 518 F.3d 285, 287 (5th Cir. 2007).[2] A plaintiff's "bare assertion of non-receipt" is insufficient to overcome these

---

[1] Since *Stokes*, Fifth Circuit panels have narrowed this presumption to three days. *See, e.g.*, *Zamora v. GC Servs.*, L.P., 647 F. App'x 330, 332 (5th Cir. 2016); *Garcia v. Penske Logistics, L.L.C,* 631 F. App'x. at 208; *Gamel v. Grant Prideco*, L.P., 625 F. App'x 690, 695 (5th Cir. 2015); *and Jenkins v. City of San Antonio Fire Dep't*, 784 F.3d 263, 266-67 (5th Cir. 2015). The three-day limitation is improper pursuant to the rule of orderliness, which prohibits one Fifth Circuit panel from overturning another panel's decision, "absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or [an] *en banc* court." *See Mercado v. Lynch*, 823 F.3d 276, 279 (5th Cir. 2016). However, neither three, seven, nor thirty days would save the plaintiff in this case.
[2] The mailing of notice may be proved by circumstantial evidence, such as a sworn statement. *Gamel*, 625 F. App'x at 694. As proof that notice was mailed on April 30, 2014, M-Tek has presented the sworn declaration of Wilma Scott, Director of the EEOC's Jackson office, as well as certified copies of the EEOC's Intake Processing Case Logs and the right-to-sue letters themselves, which are dated. Docket No. 15-3. This evidence is sufficient to prove the date on which the letters were mailed. *See Gamel*, 625 F. App'x at 694-95. There is, however, no guarantee that it would be received in three or seven days. *See, e.g.*, *Mangum v. Jackson Public Schools*, No. 3:16-cv-594-CWR-LRA, 2016 WL 7077879 (S.D. Miss. Dec. 5, 2016) (notice of right to sue mailed but not received by counsel until 13 days after the date on letter).

presumptions. *Id.* But they may be rebutted by "evidence of non-receipt." *Duron v. Albertson's LLC*, 560 F.3d 288, 291 (5th Cir. 2009); *see Brown v. Eaton Corp.*, No. 3:10-cv-175-DPJ-FKB, 2011 WL 338444 (S.D. Miss. Jan. 31, 2011) (denying motion for summary judgment where employer did not produce evidence that the EEOC sent right-to-sue letter to employee and employee averred that he did not receive letter); *Hill v. New Alenco Windows, Ltd.*, 716 F. Supp. 2d 582, 593 (S.D. Tex. 2009) (fact dispute created where no evidence provided from EEOC concerning its mailing practices ); *Kirman v. United Parcel Serv.*, No. 15-2357(FLW)(LHG), 2015 WL 7720494, at *7 (D.N.J. Nov. 30, 2015) (presumption overcome where the plaintiff provided declarations of non-receipt from his mother and former attorney).

Applying these presumptions to the instant case and adjusting for the weekend, M-Tek argues that Marshall is deemed to have received the right-to-sue letters on May 5, 2014. Docket No. 16. From there, she had until August 30, 2014 (90 days after), to file a lawsuit. *Id.* This suit was filed over a year later. Docket No. 1.

Marshall counters that the Court should not presume that she received notice because the letters were mailed to the wrong address. For support, she points to a case where the Fifth Circuit refused to apply the mailbox rule due to a typographical error in the plaintiff's address. *Burton v. Banta Global Turnkey Ltd.*, 170 F. App'x 918, 924 (5th Cir. 2006) (letter was mailed to 6514 Sandy York, but plaintiff's address was 6514 Sandy Oak).

The argument is unpersuasive. A claimant is required to "provide the [EEOC] with notice of any change in address . . . so that he or she can be located when necessary during the Commission's consideration of the charge." 29 C.F.R. § 1601.17(b). Marshall admits that she

did not update her address, but presses that the requirement to update has no bearing on her rights *after* the EEOC has completed its consideration of the charge. Docket Nos. 15-2 and 20.[3]

Whatever contention she has about her duty to update the EEOC of any changes to her address is dispelled by Fifth Circuit precedent. In *Espinoza v. Mo. Pacific. R.R. Co.*, 754 F.2d 1247, 1250 (5th Cir. 1985), the court held that "the giving of notice to the claimant at the address designated by him suffices to start the ninety-day period unless the claimant, through no fault of his own, failed to receive the right-to-sue letter or unless, for some other equitable reason, the statute should be tolled until he actually receives notice."

The EEOC mailed the right-to-sue letters to Marshall's address of record because she did not provide an updated address, although nothing prevented her from doing so.[4] Therefore, the 90-day period started to run on May 5, 2014 (the presumed date of receipt), unless she can show entitlement to equitable tolling. *See id.* at 1250-51. Marshall has not argued that any grounds for equitable tolling apply. Consequently, her Title VII claims are time-barred.

### B. Equal Pay Claim

An EPA claim must be brought within two years after accrual, but the limitation is extended to three years if a willful violation is alleged. 29 U.S.C. § 255(a). A cause of action arises under the EPA on the "payday immediately following the work period" for which the

---

[3] Marshall contends that the regulation does not apply here because the right-to-sue letters were mailed *after* the EEOC had completed its consideration of her charges. Docket No. 20.
[4] Marshall places blame with the EEOC because it did not send the letters via certified mail. Docket No. 20. While the use of some method of delivery confirmation of notice is the better practice, *see, Duron,* 560 F.3d at 291 (noting that the dispute would have never arisen had the EEOC issued the right-to-sue letter by certified mail), there is no requirement that the EEOC use certified mail. *See also Ramirez v. L-3 Communications, LLC.,* No. 3:11-cv-297-CWR-LRA, 2011 WL 6092436, at *3 (S.D. Miss. Dec. 7, 2011); *Pou v. Neshoba Cty. Gen. Hosp. Nursing Home*, No. 3:13-cv-916-CWR-FKB, 2014 WL 585961, at *1-2 (S.D. Miss. Feb. 14, 2014); *Mangum,* 2016 WL 7077879, at *1 n.1. Nevertheless, the EEOC may have had no way of contacting Marshall even if the letters had been sent via certified mail because Marshall also changed her cell phone number sometime during 2014 and did not inform the Commission. *See* Docket No. 15-2.

plaintiff claims an entitlement to equal pay.  *Halferty v. Pulse Drug Co., Inc.*, 821 F.2d 261, 271 (5th Cir. 1987).

Marshall's EPA claim arose on March 8, 2013, when she received her last paycheck. Docket No. 15-2.  But she did not file this suit until almost 10 months after the two-year deadline.

M-Tek, therefore, contends that the EPA claim is untimely because Marshall did not allege a willful violation to trigger the three-year extension.  Docket No. 23.[5]  The Court disagrees.

A violation is willful if an employer "knew or showed reckless disregard for . . . whether its conduct was prohibited by the statute."  *Ikossi-Anastasiou v. Bd. of Supervisors of La. State Univ.*, 579 F.3d 546, 552 (5th Cir. 2009).  In *Cash v. Jefferson Associates., Inc.*, 978 F.2d 217, 218 (5th Cir. 1992), the court reasoned that the common usage of "willful" is synonymous with words like "voluntary," "deliberate," and "intentional."  It then held that the plaintiff sufficiently alleged a willful violation of the Age Discrimination in Employment Act by using those words in her complaint and requesting liquidated damages, which are only available if conduct is willful. *Id.*[6]

Here, Marshall alleged that M-Tek's purpose in implementing a policy which prohibits employees from discussing their wages was to "prevent women from discovering the unequal pay of men and women . . . and raising discrimination complaints."  Docket No. 1 ¶ 42.  She also

---

[5] Generally, a challenge to the sufficiency of the pleadings should be brought in a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted or in a Rule 12(c) motion for judgment on the pleadings.  *See* Fed. R. Civ. P. 12(b)-(c).  Such a challenge will be construed as a motion for summary judgment if matters outside of the pleadings are introduced.  *Id*. at 12(d).  Because M-Tek presented deposition testimony to demonstrate when Marshall's EPA claim arose, the Court will continue to review the claim under a summary judgment standard.  *See* Docket No. 16.

[6] Willfulness under the ADEA and EPA are governed by the same standard.  *See Tyler v. Union Oil Co. of Cal.*, 304 F.3d 379, 398 (5th Cir. 2002).

claims that she was fired under this policy after discovering and complaining of unequal pay. *Id.* ¶ 35. In other words, Marshall alleged that, by implementing the policy, M-Tek *intended* to conceal violations of the EPA or at least prevent investigations to determine whether its pay structure violated the statute. *See Singer v. City of Waco, Tex.*, 324 F.3d 813, 821-22 (5th Cir. 2003) (finding willfulness where defendant cancelled an employee training seminar about overtime issues under the FLSA and refused to study its pay practices to determine if it was violating the FLSA); *Reich v. Bay, Inc.*, 23 F.3d 110, 117 (5th Cir. 1994) (concluding that conduct was willful where employer refused to investigate and continued payment practices after being notified that the practices violated the FLSA).

Given these allegations and authorities, the Court finds that Marshall sufficiently pled a willful violation of the EPA, which triggered the three-year statute of limitations. What remains is an inquiry into the merits of her claim.

Marshall's subjective belief of discrimination is not enough to survive summary judgment. *See Wallace*, 80 F.3d at 1047. At the moment that is all she has. But she requests relief under Rule 56(d), which permits this Court to allow a plaintiff "to obtain affidavits or declarations or take discovery" to adequately defend against a motion for summary judgment. Fed. R. Civ. P. 56(d)(2). "Rule 56(d) motions for additional discovery are broadly favored and should be liberally granted because the rule is designed to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose." *Am. Family Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (quotation marks and citation omitted).

Marshall has argued that she cannot adequately oppose the motion for summary judgment because there has been no discovery regarding the willfulness of M-Tek's alleged EPA violation. Docket No. 20. Discovery was stayed because M-Tek represented that it would be filing a

motion for summary judgment on the timeliness of the Title VII claims.  Docket No. 19-8.  It is undisputed that M-Tek "asked to stay discovery on all other topics, and to be permitted a single deposition, limited to topics concerning the right-to-sue letter[s]."  *Id.*  Consistent with M-Tek's request, aside from initial disclosures, there has only been a deposition, which was limited to topics concerning the right-to-sue letters.  *Id.*  Through an affidavit, Marshall's counsel has explained in detail what information is needed and how those facts, if adduced, will influence the outcome of the motion for summary judgment on this claim.  *See id.*

Contrary to M-Tek's assertion, Marshall is not contending that "she is entitled to unfettered discovery."  *See* Docket No. 23.  She is merely asserting her right to be given a fair opportunity to prove her EPA claim.  And it is plausible that discovery would reveal facts that would aid the Court in determining whether a genuine issue exists as to whether M-Tek has committed a willful violation of the EPA.  Therefore, the Court will allow Marshall sufficient time to take discovery.

**IV.   Conclusion**

The Court grants the defendant's motion for summary judgment on the Title VII claims, but denies it without prejudice on the EPA claim.  The parties are directed to contact the Magistrate Judge's chambers within 14 days to obtain a Scheduling Order.

**SO ORDERED**, this the 15th day of December, 2016.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE